```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

STEPHEN A. SMALLS,                :
                                  :
      Plaintiff,                  :
                                  :
V.                                :     CASE NO. 3:10CV962(DFM)
                                  :
STATE OF CONNECTICUT              :
DEPARTMENT OF CORRECTION,         :
                                  :
      Defendant.                  :
```

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Stephen Smalls, alleges that the defendant, the State of Connecticut Department of Correction ("DOC"), discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Pending before the court is the defendant's motion for summary judgment.[1]  (Doc. #26.)  For the reasons that follow, the defendant's motion is granted.

I.   Facts[2]

---

[1] The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. #23.)

[2] The facts are taken from the defendant's Local Rule 56(a)1 Statement filed May 25, 2011.  (Doc. #26-2.)  Local Rule 56(a)1 requires the party moving for summary judgment to file a statement setting forth "each material fact as to which the moving party contends there is no genuine issue to be tried." The opposing party is to file a Local Rule 56(a)2 Statement indicating whether the material facts set forth in the moving party's Local Rule 56(a)1 Statement are admitted or denied. Each admission or denial must include a citation to an affidavit or other admissible evidence. The court granted the plaintiff multiple extensions of time in which to file a response to the defendant's summary judgment motion.  (Doc. ##28, 30, 32, 34.) In January 2012, when the plaintiff did not file an opposition to the defendant's motion, the

The following facts are undisputed.

The plaintiff, an African-American male, worked as a corrections officer for DOC from 1994 until 2008. (Def's Local R. 56(a)1 Stmt. ¶1.)  He was disciplined several times, then fired twice. (Def's Local R. 56(a)1 Stmt. ¶5.)  Each time he was fired, the plaintiff was reinstated with a "Last Chance Agreement."  The first time, on April 6, 2005, the DOC terminated the plaintiff for violating the DOC's sick leave policy. (Def's Local R. 56(a)1 Stmt. ¶¶10-11.)  The termination letter explained that the plaintiff was fired because of his "chronic failure to follow procedures" regarding sick leave and exhaustion of time. (Doc. #26-4, Pl's Dep. Ex. 11.)  The letter said that the plaintiff previously had "been disciplined several times for failure to follow procedures, [most recently] on March 11, 2004 [when he] received a five day suspension. Even after that . . . , [he] did not conform [his] behavior and it can no longer be tolerated by the Department." (Id.)  On January 4, 2006, the plaintiff and his union negotiated a Last Chance Agreement with the DOC. (Id.)  Under this agreement, the plaintiff was reinstated and the period

---

court, in an abundance of caution, issued a "Notice" that set forth the procedural background of the case and stated that the defendant's motion was "ripe for decision." (Doc. #35.) Notwithstanding all this, the plaintiff did not file an opposition to the defendant's motion or a Local Rule 56(a)2 Statement. As a result, the material facts set forth in the defendant's Local Rule 56(a)1 Statement - to the extent they are supported by the evidence in the record - are deemed admitted pursuant to D. Conn. L. Civ. R. 56(a)1.

between his dismissal and reinstatement was treated as a suspension without pay. (Doc. #26-4, Pl's Dep. Ex. 12.) The plaintiff acknowledged in the agreement that the DOC had "just cause" to dismiss him. (Id.) He further acknowledged that any future violation of the DOC's leave policy "shall result in his dismissal." (Id.)

Two years later, the plaintiff was fired again. He had breached the Last Chance Agreement by violating the DOC's sick leave policy. His termination was effective February 6, 2008. (Pl's Dep. Ex. 9; Callahan Aff. ¶9.) On April 29, 2008, the plaintiff entered into a second stipulated agreement with the DOC and again was reinstated. (Def's Local R. 56(a)1 Stmt. ¶15; Pl's Dep. at 75-76.) Before he could return to work, however, he had to take a drug test. (Def's Local R. 56(a)1 Stmt. ¶17; Pl's Dep. at 77.) On May 2, 2008, the plaintiff's urinalysis was positive for marijuana. (Def's Local R. 56(a)1 Stmt. ¶¶19-20.) A positive drug test violates the DOC's rules regarding employee conduct. (Def's Local R. 56(a)1 Stmt. ¶23.) Administrative Directive 2.17 provides in relevant part that each DOC employee shall "comply with all federal and state laws, regulations and/or statutes, Department and Unit Directives and lawful instructions/orders." It also prohibits "unprofessional or illegal behavior, both on and off duty that could in any manner reflect negatively on the Department of Correction." The DOC terminated the plaintiff for the third and

final time after he failed the drug test.  (Def's Local R. 56(a)1 Stmt. ¶27; Pl's Dep. Ex. 10; Compl. ¶15.)

II. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "The moving party bears the burden of showing that [it] is entitled to summary judgment." Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). The nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his favor. Anderson, 477 U.S. at 249. In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant "need not prove a negative," but "need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). The court "construe[s] the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that

party's favor." Tracy v. Freshwater, 623 F.3d 90, 95 (2d Cir. 2010). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment should follow. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### Title VII Claim

Title VII makes it unlawful for an employer "to discharge any individual . . . because of . . . race . . . ." 42 U.S.C. § 2000e-2(a)(1). Claims that a plaintiff was terminated in violation of this provision are evaluated under the McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this burden-shifting framework, a plaintiff asserting racial discrimination bears the initial burden of establishing a prima facie case of discrimination. See Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142 (2000). In order to establish a prima facie case of employment discrimination, a plaintiff must demonstrate that: (1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. Mario v. P & C Food Markets, Inc., 313 F.3d 758, 767 (2d Cir. 2002) (citing McDonnell Douglas, 411 U.S. at 803).

A plaintiff may raise an inference of discrimination for purposes of the prima facie case by "showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group." Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks omitted). A plaintiff must be similarly situated "in all material respects to the individuals with whom [he] seeks to compare [him]self with." Id. (quoting Graham v. LIRR, 230 F.3d 34, 39 (2d Cir. 2000)). "Ordinarily, the question whether two employees are similarly situated is a question of fact for the jury," id., but "a court can properly grant summary judgment where it is clear that no reasonable jury could find the similarly situated prong met." Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 n. 2 (2d Cir. 2001).

"If a plaintiff establishes a prima facie case, a presumption of discrimination is created and the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action or termination." Farias v. Instructional Systems, Inc., 259 F.3d 91, 98 (2d Cir. 2001). "If the defendant bears its burden of production, the presumption drops out of the analysis . . . ." Id. The burden shifts back to the plaintiff to "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d

Cir. 2000).  "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that the discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993); see also Leibowitz v. Cornell Univ., 584 F.3d 487, 504 (2d Cir. 2009) ("[P]laintiff carries the ultimate burden of persuasion and must produce evidence such that a rational finder of fact could conclude that the adverse action taken against [him] was more likely than not a product of discriminatory animus.").  Therefore, at the summary judgment stage, a plaintiff "must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false, and that more likely than not [discrimination] was the real reason for the [employment action]." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (internal quotations marks and citations omitted).

III. Discussion

The defendant contends that the plaintiff has failed to establish a prima facie case because the circumstances surrounding his termination do not permit an inference of racial discrimination.  The plaintiff seeks to raise an inference of discrimination by showing that he was treated differently than a similarly situated individual outside his protected class.  "To be similarly situated, the individuals with whom [the plaintiff]

7

attempts to compare [himself] must be similarly situated in all material respects." Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir. 1997).  The circumstances of the plaintiff and the comparators need not be identical, but they must be reasonably close. Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000).

The plaintiff points to Corrections Officer Yaskolka,[3] who is white, as a comparator. (Compl. ¶17.) According to the plaintiff, Yaskolka had a positive drug test but was not terminated.  The defendant argues that the plaintiff has not adequately established disparate treatment because his proposed "similarly situated" employee is materially distinct from the plaintiff.  The court agrees.  Unlike the plaintiff, Yaskolka did not have a last chance agreement, much less two of them.  (Def's Local R. 56(a)1 Stmt. ¶81.)  Moreover, Yaskolka claimed to be drug dependent and was under a physician's care.  (Def's Local R. 56(a)1 Stmt. ¶80.)  The same cannot be said of the plaintiff, who makes no such claims. (Callahan Aff. ¶24.)  The court concludes that Yaskolka is not similarly situated to the plaintiff and that the plaintiff has not met the fourth element of the prima facie case.

Even assuming the plaintiff has satisfied his burden of presenting a prima facie case, he fails to carry his burden of proving that the defendant's proffered rationale for discharging him was pretextual.  According to the defendant, the plaintiff was

---

[3]The name appears as "Yascosca" in the plaintiff's complaint.

fired because he failed a drug test after he had been terminated twice and reinstated twice. (Def's Local R. 56(a)1 Stmt. ¶27; Callahan Aff. ¶23.)  Under these circumstances, the DOC did not consider giving him back his job a third time.  (Def's Local R. 56(a)1 Stmt. ¶79.)  "A plaintiff may show pretext by demonstrating weaknesses and inconsistencies in the employer's stated reason for its action."  Fusaro v. Murphy, No. 3:08CV1234(RNC), 2011 WL 4572028, at *4 (D. Conn. Sept. 30, 2011).  Here, the plaintiff has not offered any evidence "to permit a rational finder of fact to infer that the employer's proffered reason is pretext for an impermissible motivation." Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000).  Because the plaintiff has failed to "carry the burden of persuasion that the proffered reason is a pretext," Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006), the court grants the defendant's motion for summary judgment.

IV. Conclusion

For these reasons, the defendant's motion for summary judgment (doc. #26) is granted.

SO ORDERED at Hartford, Connecticut this 8th day of March, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge